PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD SNELLING, | ) | |
| | ) | CASE NO. 1:16CV212 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN TIBBALS, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF Nos. 11, 21] |

Petitioner Reginald Snelling, an Ohio prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner alleges four grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in the Richland County, Ohio Court of Common Pleas, Case No. 2010-CR-43. *Id.* at PageID #: 15–20. Respondent filed a Motion to Dismiss. ECF No. 11. The case was referred to Magistrate Judge James R. Knepp, II for a Report and Recommendation. The magistrate judge subsequently issued a Report recommending that the Petition be dismissed. ECF No. 19. Petitioner filed objections to the magistrate judge's Report. ECF No. 21. For the following reasons, the Court overrules the objections, adopts the Report and Recommendation, and dismisses the Petition.

## I. Background

On direct appeal, the Ohio Court of Appeals described the factual background of Petitioner's trial and convictions. *State v. Snelling*, No. 14CA19, 2011 WL 2565606, at *1–2 (Ohio Ct. App. June 22, 2011). That description is presumed accurate and fully incorporated herein.

(1:16CV212)

After his conviction, Petitioner, then represented by counsel, filed a timely notice of appeal in the Ohio Court of Appeals. ECF No. 11-1 at PageID #: 113. The Ohio Court of Appeals affirmed the trial court's judgment. *Id.* at PageID #: 162; *State v. Snelling*, No. 14CA19, 2011 WL 2565606, at *1–2 (Ohio Ct. App. June 22, 2011). Petitioner then filed a timely *pro se* application to reopen his appeal in the Ohio Court of Appeals, alleging ineffective assistance of counsel pursuant to Ohio App. R. 26(B). ECF No. 11-1 at PageID #: 173. On August 5, 2011, the Ohio Court of Appeals overruled the application. *Id.* at PageID #: 187. Petitioner did not appeal the decision to the Supreme Court of Ohio.

Petitioner subsequently filed a series of untimely or successive petitions. He filed a *pro se* petition to vacate or set aside judgment of conviction or sentence in the trial court. *Id.* at PageID #: 190. The court denied the petition as untimely and barred by the doctrine of *res judicata*. *Id.* at PageID #: 201. Petitioner filed a motion to amend his petition. *Id.* at PageID #: 207. The trial court did not rule on the motion. ECF No. 11 at PageID #: 80.

Petitioner next filed a *pro se* motion for leave to file a delayed appeal in the Supreme Court of Ohio. ECF No. 11-1 at PageID #: 211. The court denied the motion and dismissed the case. *Id.* at PageID #: 230–31; *State v. Snelling*, 960 N.E.2d 986 (Ohio 2012).

Petitioner then filed a *pro se* motion for resentencing in the trial court. ECF No. 11-1 at PageID #: 232. The trial court, construing the motion as a successive petition for post-conviction relief, denied the motion. *Id.* at PageID #: 246. Petitioner appealed. *Id.* at PageID #: 250. The Ohio Court of Appeals affirmed the trial court's judgment. *Id.* at PageID #: 287.

(1:16CV212)

While his appeal was pending, Petitioner filed a second petition to vacate or set aside judgment. *Id.* at PageID #: 292. The trial court denied the petition as successive and untimely, ECF No. 11-2 at PageID #: 414, and the Ohio Court of Appeals affirmed the trial court's judgment, *id.* at PageID #: 521; *State v. Snelling*, No. 14CA19, 2014 WL 5307107 (Ohio Ct. App. Oct. 6, 2014). Petitioner filed an appeal in the Supreme Court of Ohio. *Id.* at PageID #: 533. The Supreme Court of Ohio declined to accept jurisdiction over the case and dismissed the appeal on April 8, 2015. *Id.* at PageID #: 586; *State v. Snelling*, 28 N.E.3d 123 (Ohio 2015).

Petitioner filed the instant Petition for a Writ of Habeas Corpus on January 22, 2016. ECF No. 1 at PageID #: 14 (certifying that the petition was placed in the prison mailing system on January 22, 2014); *see also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that a petition is deemed filed when handed to prison authorities for mailing to the federal court).

The magistrate judge issued a Report and Recommendation, finding that the petition was barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations, and recommending that the Court grant Respondent's Motion to Dismiss. Petitioner objected. ECF No. 21. Respondent did not file a response to the objections, and the time to do so has passed. Fed. R. Civ. P. 72(b)(2).

**II. Standard of Review**

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

3

(1:16CV212)

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Discussion

Petitioner's "objections" largely reiterate the points made in his Complaint (ECF No. 1) and Traverse (ECF No. 18). For this reason, Petitioner's arguments are not true objections for the purposes of Fed. R. Civ. P. 72(b). To the extent that these arguments can be construed as true objections, they are overruled.

**A. Statute of Limitations**

(1:16CV212)

The magistrate judge found that the one-year statute of limitations began to run on September 20, 2011, and, therefore, Petitioner's January 22, 2016 Petition was untimely. ECF No. 19 at PageID #: 637.  Petitioner argues that the magistrate judge miscalulated the statute of limitations, and that the statute began to run on April 8, 2015.  ECF No. 21 at PageID #: 641.

A federal petition for a writ of habeas corpus from a state-court judgment is subject to the AEDPA's one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Section 2244(d)(1)(A) instructs that the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

### i. Calculating the One-Year Statute of Limitations

After Petitioner's conviction, he filed a series of timely appeals, which tolled the statute of limitations.  *See* ECF No. 11-1 at PageID #: 113 (timely appeal of the trial court's judgment); *id.* at PageID #: 132, 134 (timely motion to reopen the case after being dismissed for lack of prosecution); *id.* at PageID #: 173 (timely application to reopen his appeal pursuant to Ohio App. R. 26(B)).  When the Ohio Court of Appeals overruled Petitioner's application to reopen his appeal on August 5, 2011, *id.* at PageID #: 187, Petitioner did not appeal the decision to the Supreme Court of Ohio.  The judgment became final for AEDPA purposes the day after Petitioner could have appealed the Ohio Court of Appeals' August 5, 2011 decision—September 20, 2011.  *See* Ohio S. Ct. Pract. R. 7.01 ("To perfect a jurisdictional appeal . . . the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed.").  Accordingly, the one-year AEDPA statute of limitations began to

5

(1:16CV212)

run on September 20, 2011.  Petitioner did not file his Federal Petition until January 22, 2016, more than four years later.  ECF No. 1.  Therefore, the Petition is untimely.[1]

Petitioner contends that his various petitions for post-conviction relief tolled the statute of limitations.  ECF No. 21 at PageID #: 642.  Under Petitioner's reasoning, the limitations period began on April 8, 2015, the day the Ohio Supreme Court declined jurisdiction and dismissed his appeal from his second petition to vacate or set aside judgment of conviction or sentence.  *Id.*

AEDPA instructs that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  An application for state post-conviction or other collateral review is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

---

[1] Petitioner argues that the Court should isolate his post-conviction petitions from the appeals filed by his attorney, maintaining that "Petitioner is not asking this Court to consider his first appeal by his attorney . . . . Petition is only challenging his Post Conviction Petition."  ECF No. 21 at PageID #: 641.  This argument contravenes the AEDPA's express instruction that the statute of limitations begins on "the date on which the judgment became final[.]"  28 U.S.C. § 2244(d)(1)(A).  Accordingly, Petitioner's argument has no merit.

6

(1:16CV212)

Because Petitioner's motions and petitions for post-conviction relief were dismissed as untimely, they did not toll the statute of limitations. *See* ECF No. 11-1 at PageID #: 201 (denying Petitioner's October 11, 2011 petition to vacate or set aside judgment as untimely); *id.* at PageID #: 230–31 (denying Petitioner's motion for leave to file a delayed appeal in the Ohio Supreme Court); *id.* at PageID #: 246 (denying Petitioner's motion for resentencing as successive); *id.* at PageID #: 414 (denying Petitioner's May 20, 2013 motion to vacate or set aside judgment as untimely). The trial court held that these motions were not timely filed as a matter of Ohio law, and these determinations were affirmed on appeal. Federal courts must defer to a state's judgment on issues of state procedural law. *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 1986) (deferring to Ohio's Second District Court of Appeals' determination that defendant's motion for post-conviction relief was untimely, and affirming the district court's decision that the untimely petition did not toll the AEDPA statute of limitations); *see also Engle v. Isaac*, 456 U.S. 107, 135 (1982); *Murray v. Carrier*, 477 U.S. 478, 491(1986). Accordingly, the Court must defer to the state courts' findings that Petitioner's post-conviction motions were untimely.

### ii. The Prison Mailbox Rule

The magistrate judge determined that Petitioner filed his petition on January 22, 2016. ECF No. 19 at PageID #: 636. Petitioner argues that his Petition was filed on January 14, 2016. ECF No. 21 at PageID #: 642. Under the "prison mailbox rule," a *pro se* prisoner's petition "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Absent contrary evidence, a prisoner hands over his petition on the date he signs it. *Id.* In this case, although Petitioner signed his Petition on

7

(1:16CV212)

January 14, 2016, ECF No. 1 at PageID #: 14, such "contrary evidence" exists—Petitioner expressly certified that the Petition was placed in the mail on January 22, 2016. *Id.* Therefore, the Petition is deemed filed on January 22, 2016.

Moreover, even assuming *arguendo* that the Petition was filed on January 14, 2016, the Petition would still be untimely, having been filed years late. For these reasons the Court overrules the objection.

### iii. Petitioner's Other Arguments

Petitioner makes various other arguments that are either irrelevant or incorrectly applied to this case. Petitioner contends that "there is no time limit for attacking a void judgment." ECF No. 21 at PageID #: 642. In support, he cites *Eggl v. Fleet Guard Inc.*, 583 N.W.2d 812 (D.N.D. 1998). This non-binding case from the District of North Dakota concerns the time limit to attack a void judgment under Federal Rule of Civil Procedure 60(b)(iv). The case is not relevant to the cutoffs for filing a habeas case, which are governed by the AEDPA, as described above.

Petitioner also argues that "[t]he defense of lack of jurisdiction over the subject matter may be raised at any time." ECF No. 21 at PageID #: 642. Although true, it is not relevant to whether the statute of limitations has passed. Similarly, Petitioner's contention that "a void conviction on abduction may be challenged in a post conviction or habeas proceeding," *id.*, may be factually correct, but omits that such habeas proceedings are subject to the AEDPA's statute of limitations.

Petitioner's arguments that the state court's judgment is void because the trial court acted in a manner inconsistent with due process, or that any resulting conviction based on an unsworn

8

(1:16CV212)

complaint is void, ECF No. 21 at PageID #: 642, go to the merits of his action.  Because the action is barred by the AEDPA statute of limitations, the Court cannot address these claims.

For these reasons, the Court overrules these objections.

### B.  Equitable Tolling

Petitioner contests the magistrate judge's finding that Petitioner has not shown that extraordinary circumstances prevented him from filing a timely petition.  ECF No. 21 at PageID #: 64–43; *see also* ECF No. 19 at PageID #: 637–38.  Petitioner argues that he was unable to secure a transcript to proceed with his appeal.  In support, he attaches an August 18, 2011 Judgment Entry from the Richland County, Ohio Court of Common Pleas, overruling his Motion for Transcript at State Expense and instructing him to obtain his transcript from the attorney who represented him in the appeal (ECF No. 21-2 at PageID #: 647); a letter dated April 13, 2011 from an attorney instructing him to ask his appellate attorney for the transcript (ECF No. 21-3 at PageID #: 648); and an October 11, 2011 petition for a writ requesting the transcript (ECF No. 21-4 at PageID #: 649).  Petitioner also includes a page from an unidentified document, signed by Petitioner's appellate attorney and dated October 24, 2011, stating that "if [Petitioner] has someone who would like to pick the original transcript up on his behalf, I would make that available for them."  ECF No. 21-4 at PageID #: 650.  It is not clear from what document this page emanated, although by its formatting, it appears to be the final page of a larger document filed with a court.

These documents do not demonstrate the type of "extraordinary circumstances" that warrant equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  To the contrary,

9

(1:16CV212)

they demonstrate that Petitioner had the ability to secure the transcript—his attorney had a copy that he was willing to make available.  Moreover, Petitioner has not shown that he was barred from receiving a transcript, but merely that he was unable to receive a transcript at the state's expense.  Additionally, each of the documents Petitioner presented is dated 2011.  Petitioner does not offer a reason for why the denial of a transcript prevented him from filing his Petition until nearly five years later.   For these reasons, the Court overrules Petitioner's objection.

### C. Allegations of Assault

Petitioner also notes that he was assaulted by an inmate at MCI.  ECF No. 21 at PageID #: 243.  Petitioner has chosen the wrong mechanism to communicate his argument.  Conditions of confinement are properly challenged in a 42 U.S.C. § 1983 action, not a habeas petition. *Turnboe v. Gundy*, 27 F. App'x 339, 340 (6th Cir. 2001) (affirming district court's denial of a prisoner's habeas petition that argued the petitioner was improperly transferred and citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)).  Because this is not a proper objection to the magistrate judge's Report and Recommendation, the Court overrules the objection.

### IV.  Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections, adopts the magistrate judge's Report and Recommendation, and grants Respondents' Motion to Dismiss.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

(1:16CV212)

    IT IS SO ORDERED.

 March 23, 2017                                  */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                         United States District Judge